**Kenneth G. HAMM and Bettye W. Hamm, Plaintiffs-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

**No. 80–1847.**

United States Court of Appeals, Tenth Circuit.

July 22, 1982.

Ford T. Bussart of Greenhalgh, Bussart, West & Rossetti, Rock Springs, Wyo., for plaintiffs-appellants.

Jonathan Cohan, Atty., Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., and

Michael L. Paup and Robert T. Duffy, Attys., Tax Div., Dept. of Justice, Washington, D. C., with him on the brief), for defendant-appellee.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Kenneth G. Hamm and Bettye W. Hamm, husband and wife, appeal the Tax Court's ruling that compensation paid Mr. Hamm in calendar year 1973 as a city police court judge, bank trust officer, and railroad counsel, and salary paid him in calendar years 1973, 1974, and 1975 as a Wyoming state district court judge, were personal income of the Hamms for those calendar years, and therefore not reportable as income of the partnership Mr. Hamm had with another lawyer. If the earnings were properly routed through the legal partnership, which had a fiscal year ending January 31, salary and compensation Mr. Hamm received in February through December of each of those years would not be reportable until the Hamms filed their joint returns for the following calendar years.

The Hamms contend that because the partnership had a longstanding agreement that all income a partner received from any appointed position would be considered partnership income, and because Mr. Hamm had been appointed rather than elected a judge, they correctly regarded this income as partnership earnings. The Tax Court disagreed for two reasons. First, because the partnership existed solely to practice law, Mr. Hamm's services as a judge were outside the scope of his partnership duties; therefore, his judicial earnings were not income of the legal partnership. Second, as stipulated to by the Hamms, when the only other member of the legal partnership retired at the end of 1972, he thereafter "shared in only 50% of the uncollected receivables at the date of his retirement"; he and Mr. Hamm agreed "that all fees earned by an individual partner after January 1,

1973 [will] belong exclusively to that individual and not to the partnership." Therefore, based on the agreement, the Tax Court held that the income Mr. Hamm received for services he performed in 1973 and later were not partnership earnings.

■ We do not treat the taxpayers' argument that because during the period at issue Mr. Hamm was an appointed judge, and had not been elected, his earnings could be reported through the partnership. The law partnership continued to exist after the retirement of Mr. Hamm's partner, but only for the purpose of collecting outstanding receivables, see Treas.Reg. § 1.708–1(b)(1)(i); the Tax Court was clearly correct in finding that there was no continuing partnership for work performed after that retirement. See I.R.C. §§ 701, 708(b)(1)(A), 761(a). Neither shared with the other compensation earned after January 1, 1973. Thus, all income Mr. Hamm earned after that date was properly taxable to him in the calendar year in which it was received.

■ The Hamms also argue that the Internal Revenue Service's position in this case is contrary to advice it previously had given Mr. Hamm. Shortly before the other partner retired at the end of 1972, Mr. Hamm wrote to the Internal Revenue Service (IRS) asking several questions about the reporting of partnership income. The IRS's response addressed only the questions asked, which were not relevant to the reporting year for income earned in an individual capacity. Mr. Hamm had no reason to be misled.

AFFIRMED.